UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN A. TURCHAN,

      Plaintiff,

vs.

UNITED STATES OF AMERICA,

      Defendant.
_____/

Civil Action No.
10-CV-11691

HON. MARK A. GOLDSMITH

**OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DEFER RULING ON PLAINTIFF'S "EXPANDED" MOTION FOR SUMMARY JUDGMENT
and
DENYING WITHOUT PREJUDICE PLAINTIFF'S "EXPANDED" MOTION FOR SUMMARY JUDGMENT**

    This matter is presently before the Court on Plaintiff's "expanded" motion for summary judgment and the Government's motion under Federal Rule of Civil Procedure 56(d) to defer ruling on Plaintiff's motion until after the close of discovery. The latter matter is currently scheduled for oral argument on April 14, 2011. However, after reviewing the parties' motion papers, the Court concludes that a hearing is not necessary as to either motion. See E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court will grant the Government's motion to defer and deny without prejudice Plaintiff's summary judgment motion.

    This is a federal tax case. The sole plaintiff is Lynn A. Turchan. Lynn Turchan does not owe taxes to the Government, but her husband, Manuel Turchan, does. These two facts are undisputed.

1

The Government is trying to collect Manuel Turchan's unpaid taxes through Lynn Turchan on the ground that, under 26 U.S.C. §§ 6321 and 6331, and the Supreme Court's interpretation thereof in G.M. Leasing Corp. v. United States, 429 U.S. 338, 350-351 (1977), the Government may collect unpaid taxes by attaching a lien to a delinquent taxpayer's assets, including any assets that are held in the name of the delinquent taxpayer's nominee, transferee, or alter ego.  In the present case, the Government argues that it is entitled to go after certain assets of Lynn Turchan – such as the marital residence and her wages and bank account – because she holds title in such assets as her husband's nominee or transferee.

The gist of Lynn Turchan's Amended Complaint is that the Government has improperly and illegally filed liens attaching her assets without having first shown that such assets are held by her as her husband's nominee or transferee, and that the filing of such liens has adversely impacted her banking, employment, and credit situation, depriving her of her property in violation of statutory and constitutional due process safeguards.  The Amended Complaint contains five counts: (i) quiet title as to a lien filed in Oakland County attaching "all real and personal property held in the name of Lynn A. Turchan" (this lien has been withdrawn by the Government); (ii) improper disclosure under 26 U.S.C. § 7431(a)(1), (iii) wrongful levy relating to the Government's attempt to attach her wages and bank accounts; (iv) quiet title as to a lien filed in Wayne County attaching the marital residence, which is held in her name; and (v) constitutional violations, alleging that the Government has deprived her of her property in contravention of her statutory and constitutional due process rights.

Lynn Turchan filed her "expanded" motion for summary judgment on January 17, 2011. She states in the opening paragraph of the motion that she seeks "complete" entry of summary judgment in her favor on the two quiet title counts, and partial summary judgment in her favor as to

"all issues of liability" on the remaining three counts. She does not contest her husband's tax liability, nor does she contest that the Government could lawfully target a specific asset held by her if she is found to be a transferee or nominee as to that specific asset. Rather, she asserts that the levies and liens filed by the Government against her are unlawful because they seek attachment of her property under a transferee/nominee theory with no showing by the Government that she holds her husband's property as his transferee or nominee, and without affording her an opportunity to challenge the Government's determination. She also asserts that one of the liens filed in this case is overbroad to the extent it attaches to "all" of her personal and real property instead of select assets that are believed to be held by her as her husband's nominee or transferee. She asserts that a sweeping lien of this kind is not authorized against an alleged transferee/nominee because the focus of collection efforts in such situations is limited to specific assets (not "all" assets) alleged to be held by a transferee, nominee, or alter ego of the delinquent taxpayer. She is adamant that she does not hold her husband's assets as his nominee, transferee, or alter ego, and that the Government's liens and levies against her assets are unlawful.

In her summary judgment motion, she states that she does not hold property as her husband's nominee, transferee, or alter ago, but does not cite or discuss specific legal authority supporting her argument. Moreover, her motion is not supported by the type of evidentiary material required under Federal Rule of Civil Procedure 56.

In any event, the Government has filed a motion under Federal Rule of Civil Procedure 56(d) urging the Court to defer ruling on Lynn Turchan's motion until after the completion of discovery, which is currently scheduled to end on May 31, 2011. Rule 56(d) authorizes the Court to defer considering, or to deny, a summary judgment motion where the non-moving party shows by affidavit or declaration that it cannot present facts essential to justify its opposition. Moreover,

3

the Sixth Circuit has admonished that courts must afford the parties adequate time for discovery, in light of the circumstances, before ruling on summary judgment motions. Plott v. General Motors Corp., Packard Elec. Div., 71 F.3d 1190, 1195 (6th Cir. 1995). In the present case, the Government's attorney, Douglas W. Snoeyenbos, has submitted a declaration in which he explains that he intends to take the depositions of Lynn and Manuel Turchan, and others, in order to "verify and obtain further details" regarding its opposition to Lynn Turchan's motion. Snoeyenbos Decl. ¶ 17. Snoeyenbos further states that he expects that the depositions will provide support for the Government's theory that Lynn Turchan holds her husband's assets as his nominee or transferee. Id.

Having considered the Government's motion, Snoeyenbos' declaration, and Lynn Turchan's response, the Court concludes that it would be improper to consider Lynn Turchan's summary judgment motion prior to the discovery deadline in light of the fact that the Government has not yet taken the depositions of the Turchans. Clearly, such depositions are likely to result in the discovery of probative evidence, and adjudication of a summary judgment motion before potentially probative evidence comes to light would be improper. Accordingly, the Court grants the Government's motion under Rule 56(d) [docket entry 32] and denies as moot Plaintiff's "expanded" motion for summary judgment [docket entry 24] without prejudice to Plaintiff's ability to file an appropriate dispositive motion after the conclusion of discovery.

IT IS SO ORDERED.

Dated: April 8, 2011  s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 8, 2011.

                                          s/Deborah J. Goltz
                                          DEBORAH J. GOLTZ
                                          Case Manager